# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COURTNEY M. HUBBARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-706-JPG |
| | ) |
| MENARD CORRECTIONAL CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Marion Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to

exercise its authority under § 1915A; this action is thus subject to summary dismissal.

**BACKGROUND**

On July 29, 2008, Courtney Hubbard's cell at the Menard Correctional Center was subject to a cell shake down, in which prison officials entered East cell house unit #1-11 to look for violations of prison rules. Officers Reidelberger and Joy recovered what was termed a "home made water heating device," consisting of a partially stripped extension cord connected to nail clippers, possession of which is a violation of rule 202 relating to damage or misuse of property. The prohibited property was found located inside the shoe of Dantzler, Hubbard's cell-mate. Officer Reidelberger stated in the disciplinary ticket report issued after the discovery that the item was found in the property-box and shoe of inmate Dantzler.

Hubbard and Dantzler were both brought before the prison's Adjustment Committee, where Hubbard pled not-guilty to the violation. Hubbard informed the committee that the prohibited item belonged to his cell-mate Dantzler.. The Adjustment Committee found Hubbard guilty of violating rule 202, and placed Hubbard in segregation until the Committee could sentence Hubbard to a specific segregation time. While waiting in segregation, Hubbard filed an emergency grievance with warden Donald Hulick again claiming that the prohibited item belonged to Dantzler, and thus Hubbard did not violate rule 202. Warden Hulick informed Hubbard that the grievance must be filed with grievance counselor Linda Gofourth, who then filed the grievance with a grievance officer. Grievance Officer Jodi Suhre reviewed the grievance, and recommended to the Adjustment Committee that Hubbard's grievance be denied.

The Adjustment Committee then sentenced Hubbard to 2 months "C Grade"; 2 months segregation; and 2 months commissary restrictions for violating rule 202. Hubbard brought suit

2

against Defendants claiming that the disciplinary sanctions amounted to a violation of his Due Process rights. Additionally, Plaintiff claimed a violation of this Eighth Amendment and Equal Protection rights.

**DISCUSSION**

When a plaintiff brings an action under § 1983 for Due Process violations, he must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

3

In the case currently before the Court, Hubbard was placed on "C Grade" for 2 months; sent to disciplinary segregation for 2 months; and placed on commissary restriction for 2 months. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison in the State of Illinois. Therefore, Hubbard's Due Process claim is without merit.

Hubbard's Eighth Amendment and Equal Protection claims are also without merit. There is no indication that Hubbard was denied a basic human need or the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981), *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987). There is also no indication that Hubbard was treated differently than similarly situated inmates or that "state officials had purposefully and intentionally discriminated against him. *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982).

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: June 4, 2009.**

s/ J. Phil Gilbert

**U. S. District Judge**